UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND
and SCOTT REDMAN (in his capacity as Trustee),

INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,

WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS VACATION FUND,
WISCONSIN MASONS APPRENTICESHIP AND
TRAINING FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONS INSTITUTE FUND and
JEFFREY LECKWEE (in his capacity as Trustee),

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS,

WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND,
WISCONSIN LABORERS DRUG FUND,
WISCONSIN LABORERS LABOR MANAGEMENT
COOPERATION TRUST FUND, WISCONSIN
LABORERS INDUSTRY ADVANCEMENT
PROGRAM FUND and JOHN J. SCHMITT
(in his capacity as Trustee),

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST
FUND,

WISCONSIN LABORERS DISTRICT COUNCIL,

                    Plaintiffs,
          v.                                              Case No.  13-cv-653

WALSH MASONRY, INC.,

                    Defendant.

ORDER AND ENTRY OF JUDGMENT

Request and motion for default judgment brought by the Plaintiffs in the above-captioned action were submitted to the Court and filed with the clerk. This action having come on hearing before the Court, the issues having been duly heard, and a decision having been duly rendered, the Court orders as follows:

1.    Defendant Walsh Masonry, Inc. has failed to plead or otherwise defend as provided by Rule 55(a) of the Fed. R. Civ. P.

2.    Defendant Walsh Masonry, Inc. violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreements by failing to pay fringe benefit contributions on behalf of its employees to the Plaintiff Funds.

3.    As a result of Defendant's failure, Plaintiffs are entitled to damages consisting of unpaid contributions, interest, liquidated damages, attorney fees and costs.

4.    The court assesses the total damages to the Plaintiffs in the sum of $181,225.35. *as documented by affidavit and attached schedules of amounts due and owing.*

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiffs, Building Trades United Pension Trust Fund, Scott Redman, Industry Advancement Program/Contract Administration Fund, Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Vacation Fund, Wisconsin Masons Apprenticeship & Training Fund, Wisconsin Masons Vacation Fund, Bricklayers and Trowel Trades International Pension Fund, International Masons Institute Fund, Jeffrey Leckwee, Bricklayers and Allied Craftworkers District Council of Wisconsin, International Union of Bricklayers and Allied Craftworkers, Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund, Wisconsin Laborers Apprenticeship and Training Fund, Wisconsin Laborers Drug Fund, Wisconsin Laborers Labor Management Cooperation Trust Fund, Wisconsin Laborers Industry Advancement Program Fund, John J. Schmitt, Wisconsin Laborers-Employers Cooperation and Education Trust Fund, and Wisconsin Laborers District Council, recover from the Defendant Walsh Masonry, Inc. and that the Clerk of Court is directed to enter judgment in favor of

Plaintiffs and against Defendant Walsh Masonry, Inc. in the amount of $181,225.35 together with interest at the rate allowed by law.

Dated at Madison, Wisconsin, this 22d day of January, 2013.

_Peter Oppeneer_
Clerk of Court

Dated and approved as to form this 22d day of January, 2013.

BY THE COURT:

_____
U. S. District Court Judge